UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
NOV 06, 2006
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARVIN SMOOT.,<br><br>            Plaintiff,<br><br>-vs-<br><br>AMERICAN TISSUE SERVICES FOUNDATION LIMITED,<br><br>            Defendant. | CIV. 06-4084<br><br>MEMORANDUM OPINION<br>AND ORDER ON MOTION FOR<br>DEFAULT JUDGMENT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Marvin Smoot, has filed an Application for Judgment by Default pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 9.) Defendant, American Tissue Services Foundation Limited, has been served with a Summons and Complaint, but it has failed to appear and answer the Complaint. Default was entered by the Clerk upon application of Plaintiff on June 30, 2006.

## BACKGROUND

Plaintiff is a South Dakota citizen. Defendant, a non-profit corporation engaged in the business of procuring deceased donors of human tissues and recovering tissue from the donors, is a Delaware corporation with a principal place of business in Indiana. Plaintiff began his employment with Defendant on May 9, 2005, and his employment was terminated on November 30, 2005.

On May 18, 2006, Plaintiff filed this wrongful discharge lawsuit alleging that his employment was terminated in retaliation for reporting to Defendant and to the Food and Drug Administration concerns about public safety, quality control and violations of federal law in Defendant's handling and recovery of human tissue. Service of the Summons and Complaint was made on the registered agent of Defendant on May 30, 2006. No Answer being filed, Plaintiff applied for default on June 30, 2006. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered a Default

on that day. The record does not indicate that a copy of either the Request for Default or the Clerk's Entry of Default was sent to Defendant. Plaintiff filed the pending Application for Default Judgment on August 3, 2006. He requests a default judgment in the amount of $279,011.76 in compensatory damages and $100,000 in punitive damages, plus his costs and disbursements. The Application does not show that a copy of it was sent to Defendant and no response has been filed by Defendant.

## DISCUSSION

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Thus, Rule 55 requires two steps before entry of a default judgment: "first, pursuant to Fed.R.Civ.P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed.R.Civ.P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D.Iowa 1995). In this case, the Clerk of Court has entered default pursuant to Rule 55(a), completing the first step in the process toward default judgment. The Court must now decide whether default judgment should be entered against Defendant pursuant to Rule 55(b)(2).

In the Eighth Circuit, the entry of default judgment is appropriate when a party's conduct includes " 'willful violations of court rules, contumacious conduct, or intentional delays.' " *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 855 (8th Cir. 1996) (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir.1993)); *see Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir.1988) (quoting *E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir.1972)); *Inman*, 120 F.3d at 119. Default judgments are not favored by the law, and default judgment is not an appropriate sanction for a "marginal failure to comply with time requirements." *Harre*, 983 F.2d at 130.

2

Based on the record in this case, the Court cannot conclude that Defendant has engaged in willful violations of court rules, contumacious conduct, or intentional delay. Default was entered less than a month after Defendant was served with the Summons and Complaint, and it does not appear that Defendant received copies of the Request for Entry of Default, the Clerk's Entry of Default, the Motion for Default Judgment or the Affidavits of Paul Linde and Marvin Smoot. After Defendant has been served with these documents, the Court will hold a hearing to determine whether Defendant's failure to appear and to answer the Complaint constitutes culpable conduct entitling Plaintiff to a default judgment. Assuming that a default judgment will be entered, the hearing will also determine whether punitive damages should be awarded, and if so in what amount. Accordingly,

> IT IS ORDERED that Plaintiff shall submit proof that Defendant has been served with copies of this Order, the Request for Entry of Default, the Clerk's Entry of Default, the Motion for Default Judgment and the Affidavits of Paul H. Linde and Marvin Smoot. Upon receipt of proof of service of these documents, the Court will set a hearing on Plaintiff's Application for Default Judgment to determine whether default judgment should be entered and, if so, the amount of compensatory and punitive damages, if any, to be awarded.

Dated this 6th day of November, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY