

**FILED**

MAR 2 6 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MARVIN SMOOT., | * | CIV. 06-4084 |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER SETTING ASIDE |
| | * | CLERK'S ENTRY OF DEFAULT |
| AMERICAN TISSUE SERVICES FOUNDATION LIMITED, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Plaintiff's motion for default judgment (doc. 9), and Defendant's motion for extension of time to file an Answer (doc. 15). For the following reasons, Plaintiff's motion will be denied and Defendant's motion will be granted.

## BACKGROUND

Plaintiff, Marvin Smoot, is a South Dakota citizen. Defendant, American Tissue Services Foundation Limited ("ATSF"), a non-profit corporation engaged in the business of procuring deceased donors of human tissues and recovering tissue from the donors, is a Delaware corporation. According to the Declaration of Robert Turner, doc. 19, ATSF maintained its principal place of business in Fort Wayne, Indiana until it was moved to Oklahoma in 2006. ATSF's Indiana office was officially closed on May 24, 2006. Defendant's registered agent for service of process in Indiana was Corporate Services Company ("CSC") located in Indianapolis, Indiana.

Plaintiff began his employment with Defendant on May 9, 2005, and his employment was terminated on November 30, 2005. On May 18, 2006, Plaintiff filed this wrongful discharge lawsuit alleging that his employment was terminated in retaliation for reporting to Defendant, and to the Food and Drug Administration, concerns about public safety, quality control and violations of federal

law in Defendant's handling and recovery of human tissue. Service of the Summons and Complaint purportedly was made on the registered agent of Defendant in Indiana on May 30, 2006. No Answer being filed, Plaintiff applied for default on June 30, 2006. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered a Default on that day.

Plaintiff filed the pending Application for Default Judgment on August 3, 2006. He requests a default judgment in the amount of $279,011.76 in compensatory damages and $100,000 in punitive damages, plus his costs and disbursements. Because the record did not indicate that copies of the Request for Default, the Clerk's Entry of Default, or the Application for Default Judgment had been sent to Defendant, the Court ordered Plaintiff to serve Defendant with copies of the Request for Entry of Default, the Clerk's Entry of Default, the Motion for Default Judgment and the Affidavits of Paul H. Linde and Marvin Smoot. On November 6, 2006, Plaintiff's lawyer filed a Certificate of Mailing certifying that he sent copies of the documents to Defendant by United States mail. Notice of Appearance by counsel for Defendant was filed on November 13, 2006. Defendant's motion for extension of time to file an Answer was filed shortly thereafter. Defendant claimed that service of process was never properly made and that the "first and only" service of the lawsuit occurred when it received copies of the default documents by mail in November after service was ordered by this Court.

The parties submitted affidavits and argument on their respective positions regarding service of process, and a hearing was held before the Court on December 5, 2006. During the hearing, the Court indicated that Plaintiff had failed to prove service of process was sufficient, and that Defendant had failed to convince the Court it was not in default. Given the irregularities in the service of process and the seriousness of taking away the right to trial, the Court allowed the parties to conduct discovery and submit additional information for the Court's consideration.

Subsequently, Plaintiff deposed the process server, retired deputy sheriff Roger Bauer, and the record has been supplemented with a copy of Bauer's deposition transcript and a declaration of Suzanne Parks, Bauer's supervisor and a sergeant with the Marion County Sheriff's Department in

2

Indianapolis, Indiana. Defendant has supplemented the record with affidavits of the individuals who were responsible for acceptance and processing of documents served on CSC in Indianapolis on May 30, 2006, as well as a second supplemental affidavit of a CSC employee outlining the procedures followed by all agents when documents are served on CSC.

The parties do not dispute that Corporation Services Company ("CSC") was the registered agent for Defendant in Indiana, and they do not dispute that CSC is located in the office of a law firm, Ayres, Carr & Sullivan ("Ayres"), in an 11-story building located at 251 East Ohio Street, Suite 500, Indianapolis, Indiana.

Bauer has no independent recollection of serving the Summons and Complaint on CSC on May 30, 2006. He described his standard procedure for serving the registered agent of a corporation as follows: Prior to service, a stamp entitled "Marion County Sheriff Department's Return of Service" ("Return") is placed on the final page of the document to be served. Bauer has served documents on CSC numerous times. He testified that he would walk through a set of double doors on the fifth floor of the building at 251 East Ohio Street and place the documents on a desk in the front lobby of the suite, whether or not a person was present at the desk. When he returned to his car, Bauer would add information to the stamped Return. Later, he would complete a document entitled "Affidavit of Record of Service" ("Service Affidavit"). The documents in this case show that Bauer made the following additions to the stamped Return: his signature, a handwritten reference to "COPR SVE", and the date and time. The form contains a list of methods of service, all preceded by a blank ("____"), but none of the blanks were checked to indicate the method of service.

Bauer does not recall preparing a Service Affidavit in this case, and he testified that the Service Affidavit on file, doc. 5-2, was not completed by him. Bauer assumes that his supervisor, Sergeant Parks, prepared the Service Affidavit without his knowledge. No one contends that Sergeant Parks served any documents in this case, but her duties include overseeing service of process by the Marion County Sheriff's office. The Service Affidavit with Sergeant Parks' signature

3

states that service of process was made upon "American Tissue Serv. Foundation LTD" at 251 E. Ohio Street, Indianapolis, Indiana, on May 30, 2006. It is undisputed that ATSF has never been located at that address.

The law firm of Ayres, Carr & Sullivan has been retained to receive and process legal documents served on CSC in Indiana for over 10 years. CSC provides training to Ayres employees regarding specific procedures, developed by CSC, for receiving and processing service. The procedure followed by the Ayres employees is: On the day that process is delivered, the receipt of service is logged into CSC's Litigation Management System ("LMS") which is a centralized database developed and used by CSC to capture essential information about each service of process. The Ayres employee logs into a secure internet connection using an individual login name and password. They are trained to log the following information: entity served, date of service, method of service, jurisdiction of service, jurisdiction of filing, first named plaintiff and first named defendant, name of the case, court and case number.

On May 30, 2006, Lindsey Reid was the individual responsible for processing all documents served on CSC at 251 East Ohio Street, Suite 500, Indianapolis, Indiana. She logged 35 documents that were served on CSC that day. Only two other individuals could have received process on May 30, both of whom had also been trained in how to accept process and what to do upon receipt. None of the three individuals who could have received process recall receiving the summons and complaint in this case, and nothing was recorded that would indicate service of process took place.

Defendant argues that the Clerk's Entry of Default should be set aside for good cause pursuant to Federal Rule of Civil Procedure 55(c)[1] because its failure to file a timely answer to the Complaint was due to defective service of process. Conversely, Plaintiff asserts that process was served and that he is entitled to a default judgment for the full amount of his claimed damages.

---

[1] Rule 55(c) provides, in relevant part, that "[f]or good cause shown the court may set aside an entry of default. . . ."

4

## DISCUSSION

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." The Clerk of Court appropriately entered default in this case when ATSF failed to file a timely answer, and now this Court must decide whether to set aside the default or to enter a default judgment. The entry of default judgment is not favored by the law, *United States v. Harre*, 983 F.2d 128, 130 (8th Cir.1993), and "should be a 'rare judicial act.'" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir.1993) (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir.1977)). A court abuses its discretion if it enters a default judgment "for a marginal failure to comply with the time requirements." *Harre*, 983 F.2d at 130; *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Although the same factors are relevant to each type of motion, a motion to set aside a Clerk's entry of default is subject to a more lenient "good cause" standard than is a motion to set aside a default judgment entered by the Court. *Dayton Electric*, 140 F.3d at 783-84. The more stringent standard for setting aside a default judgment under Federal Rule of Civil Procedure 60(b)(1) is "excusable neglect," which "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001). Factors listed by the Eighth Circuit for courts to consider when deciding whether the defaulting party has demonstrated "good cause" in the case of a Clerk's entry of default, or "excusable neglect" in the case of a default judgment, include "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Dayton Electric*, 140 F.3d at 784. Courts should take into account "all relevant circumstances surrounding the party's omission." *Union Pacific*, 256 F.3d at 782 (quoting *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

As to the first factor, the Eighth Circuit has distinguished between intentional, "contumacious" conduct and negligent conduct, such as a "marginal failure" to meet pleading deadlines. *See, e.g., Dayton Electric*, 140 F.3d at 784-85. In *Dayton Electric*, the Eighth Circuit held that the district court abused its discretion by denying relief from default where the defendant's failure to file a timely answer, although a careless and negligent omission, was a "good faith, relatively brief default in the filing of an initial pleading, caused by poor communication between Dayton Electric and its insurer, and cured within one day once Dayton Electric learned of its mistake." *Id.* Even though the defendant and its attorney exhibited a "cavalier approach" to the filing deadline, they did not demonstrate an "intentional flouting or disregard of the court and its procedures." *Id.* at 785.

In *In re Jones Truck Lines*, 63 F.3d 685 (8th Cir. 1995), defendant's counsel said the delay in answering the complaint resulted from defendant's hope that the parties would settle the case. *Id.* at 687-88. Correspondence between the parties showed they both wanted to pursue settlement. *Id.* at 688. According to the Eighth Circuit, the bankruptcy court erred by finding this conduct constituted a "willful flaunting of the deadline." *Id.* at 687. Given that the delay also caused no prejudice to the plaintiff, the Eighth Circuit held that the bankruptcy court abused its discretion by refusing to set aside the default judgment for "excusable neglect." *Id.*

In *Union Pacific*, defendant Progress Rail neglected to file a timely answer because of a recording error by its legal department, and the district court entered a default judgment. Applying the more strict "excusable neglect" standard, the Eighth Circuit looked at the first factor, the defendant's conduct, and found that Progress Rail committed "only a minor mistake." *Id.* at 783. In addition, similar to ATSF in this case, Progress Rail took action as soon as it learned of the default. *Id.*

The Court is satisfied that ATSF's default in this case was not willful. Defendant has raised doubts as to whether Plaintiff's attempted service of process on CSC on May 30, 2006, was properly effected, and Plaintiff's evidence regarding service is not conclusive. These doubts should be

6

resolved in favor of Defendant. *See, e.g.*, 10A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2681 ("Under modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party.") Moreover, there is no evidence in the record that anyone with ATSF had notice of Plaintiff's lawsuit until the Court directed Plaintiff to serve the default documents on Defendant. Defendant acted immediately when it became aware of the Clerk's entry of default. Its attorneys promptly filed a Notice of Appearance and, shortly thereafter, a motion and a proposed Answer were filed. Since that time, Defendant has actively opposed Plaintiff's motion for default judgment, and has sought relief from entry of default and for leave to file its Answer. Defendant's conduct is akin to that of Progress Rail in the *Union Pacific* case, and it is unlike conduct that has been found to warrant entry of a default judgment. *See, e.g.*, *Inman*, 120 F.3d at 119 (defendant failed to answer three-year-old complaint, neglected discovery requests, and ignored repeated inquiries from plaintiff's counsel); *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 435 (8th Cir. 1997) (defendant failed to answer complaint for several months and, in response to show cause order, stated that it could not afford to retain local counsel and "did not intend to enter an appearance in the litigation"). In summary, Defendant's failure to file a timely answer in this case does not amount to an intentional disregard or other contumacious conduct needed to justify entry of a default judgment.

An analysis of the other two factors, prejudice to Plaintiff and existence of a meritorious defense, also weigh in favor of setting aside the Clerk's entry of default in this case. The Court recognizes that Plaintiff has incurred expenses to determine the sufficiency of service of process, and that he will now be required to litigate the merits of his claims against Defendant, but this does not constitute "prejudice" in the Rule 55(c) context. *See Dayton Electric*, 140 F.3d at 785 ("As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits. Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'") There is no indication that setting aside the default will prejudice Plaintiff.

Finally, Defendant has asserted what might prove to be a meritorious defense, claiming that Plaintiff's employment was terminated due to financial conditions mandating a reduction in force, and the termination happened before management was aware of Plaintiff's letter to the Food and Drug Administration. For these reasons, the Clerk's entry of default will be set aside for good cause pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and a default judgment will not be entered. Accordingly,

IT IS ORDERED:

1. That the Clerk's Entry of Default, doc. 8, is set aside;

2. That Plaintiff's Motion for Default Judgment, doc. 9, is denied; and

3. That Defendant's Motion for Enlargement of Time to Answer, doc. 15, is granted, and the Clerk shall file the Answer, doc. 15-2, which is attached as Exhibit A to the Motion for Enlargement of Time.

Dated this 26th day of March, 2007.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]* Sharon Knutz
(SEAL)       DEPUTY